{¶ 28} I concur with the majority's analysis and disposition of appellants' sole assignment of error, but write separately to explain my reasoning.
 {¶ 29} At issue in the case sub judice is whether the trial court erred in applying Galatis, supra. In the case sub judice, the named insured on the declarations page of the business auto policy issued by Lightning Rod Mutual is James E. Frazier. The declarations page lists the name of insured business as "carpet installation" and lists the form of business as "individual", i.e. a sole proprietorship. Moreover, the first page of the Business Auto Coverage Form provides, in relevant part, as follows: "Throughout this policy the words `you' and `your' refer to the named insured shown in the declarations. . . ."
 {¶ 30} The Ohio Uninsured Motorists Coverage — Bodily Injury Endorsement to the subject policy defines an insured, in pertinent part, as follows:
 {¶ 31} "1. You.
 {¶ 32} "2. If you are an individual, any `family member.'"
 {¶ 33} As is stated above, the policy clearly and unambiguously states that the named insured is James E. Frazier, an individual. Ryan J. Frazier, as a family member of James E. Frazier, is therefore entitled to UM/UIM coverage under the language contained in the policy.
 {¶ 34} In short, since there is no ambiguity with regard to who is an insured, I agree that the trial court erred in finding Galatis supra. andScott-Pontzer, supra. applicable. See, for example, Hionis v. NationwideIns. Co., Cuyahoga App. No. 80516, 2003-Ohio-1333.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with our opinion and the law. Costs assessed to appellee.